

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**FILED**

**OCT 30 2013**

# UNITED STATES DISTRICT COURT

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

for the

Eastern District of California

)
)
)
Daniel Angel Rodriguez )  1: 13 CV - 01750 ---- SMS HC
        *Petitioner*                )
                                    )  Case No. _____
v.                                  )              *(Supplied by Clerk of Court)*
                                    )
                                    )
Paul Copenhavr, Warden )
        *Respondent*                )
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name:  Daniel Angel Rodriguez
   (b) Other names you have used: _____

2. Place of confinement:
   (a) Name of institution:  United States Atwater Penitentiary
   (b) Address:  P.O. Box 019001
                 Atwater CA 95301
   (c) Your identification number:  # 48128-004

3. Are you currently being held on orders by:
   ☑ Federal authorities    ☐ State authorities    ☐ Other - explain: _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:  United State District
       Court, Southern District of Florida
   (b) Docket number of criminal case:  CR-94-402-CR-PROPST
   (c) Date of sentencing:  10th day of April 1995
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____
   _____
   _____
   _____

AO 242 (12/11). Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other (explain): Breach of Prisons Requested? NUNC PRO TUNC Designation Barden v. Keohane.

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Bureau Of Prisons:

(b) Docket number, case number, or opinion number: Remedy No. 574247 -

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

N/A

(d) Date of the decision or action: Mid 2010

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes        ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Bureau of Prisons, Warden

(2) Date of filing: ECRU 2010

(3) Docket number, case number, or opinion number: Remedy No. 574247- A1

(4) Result: Denied with prejudice.

(5) Date of result: 9-24-2010

(6) Issues raised: Sought Nunc PRO Tunc Designation, for time credited to a state sentence to be applied to my federal sentence. From 7-24-94 to 10-2-1997. In light of Barden v. Keohane.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑Yes      ☐No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: BOP° Regional Director

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: 574247 - A2

   (4) Result: Denied, Yet sent to Designation/Sentence Computation Center.

   (5) Date of result:

   (6) Issues raised: Requested, Nunc Pro Tunc Designation for my sentence to start on the date of my federal arrest. Pursuant to Barden v. Keohane

_____

_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑Yes      ☐No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Office of General Counsel Bureau of Prisons

   (2) Date of filing: _____

   (3) Docket number, case number, or opinion number: 574247-A-3

   (4) Result: Denied, with extreme Prejudice,

   (5) Date of result:

   (6) Issues raised: Requested, Nunc Pro Tunc Designation for my sentence to start on the date of my federal arrest, Pursuant to Barden v. Keohane.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court: ___N/A_____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
sentence?

☐ Yes                    ☐ No

If "Yes," provide:

(1) Name of court: ___N/A_____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:

        N/A

11.     **Appeals of immigration proceedings**
        Does this case concern immigration proceedings?
        ☐ Yes          ☑ No
        If "Yes," provide:

(a)     Date you were taken into immigration custody:     N/A
(b)     Date of the removal or reinstatement order:
(c)     Did you file an appeal with the Board of Immigration Appeals?
        ☐ Yes                    ☑ No
        If "Yes," provide:
        (1) Date of filing:
        (2) Case number:
        (3) Result:
        (4) Date of result:
        (5) Issues raised:

(d)     Did you appeal the decision to the United States Court of Appeals?
        ☐ Yes                    ☑ No
        If "Yes," provide:
        (1) Name of court:       N/A
        (2) Date of filing:
        (3) Case number:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____
_____
_____
_____
_____
_____
_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: N/A
(b) Name of the authority, agency, or court: _____
_____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____
_____
_____
_____
_____
_____
_____

### Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: 5th Amendment violation for deprivation without due process of law, where I am being denied time credited to a State sentence from being credited to my Federal sentence (Braden v. Keohane): Based on facts from a crime I was found not guilty by a jury. BOP failed to properly award good time credit.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241    See Attachment (A)+(B)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

BOP made a prejudice determination to deny me. Credit based on Acquitted conduct. General Counsel Stated "To Start your Federal sentence from the day it was imposed would be a great insult to the victim of your Federal crime. I was acquitted of any crime against the charged victim: Found guilty only of 922(g). And State cases were VACATED on April 1997.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes       ☐ No

GROUND TWO: Violation of Constitution for Equal Rights.

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

I have witnessed other inmates "YET" with Violent crimes of convictions. Be granted credit to there federal sentence despite the time being credited to another sentence. Pursuant to Barden v. Keohane.

See Attachment (A) and (B)

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes       ☐ No

GROUND THREE: _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes       ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: To order the B.O.P. to not determine my request for Nunc Pro Tunc Designation on charges I was found NOT Guilty by a jury. And to start my federal sentence on the date of my arrest 7-24-1994.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

10 - 28 - 2013

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 10-28-2013

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Sacramento Clerk's Office
501 "I" Street , Suite 4–200
Sacramento, CA 95814
916–930–4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559–499–5600

February 1, 2013

Case Number: 1:13-

Case Title: _____ v _____ VER ,

Dear Litigant,

You are hereby notified that the above case number has been assigned to your action. You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.

All matters in this action shall be sent to the following address until further notice:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street , Suite 1501
Fresno, CA 93721

For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:

Local Rule 133 (modified) You are not required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.). You are only required to send this court the original for filing. No extra copies are required. However, if you desire to receive a conformed copy for your records, you must send the original plus one (1) copy and a pre–addressed postage–paid envelope for us to return your copy to you.

Local Rules 250.1, 250.2, 250.3 and 250.4 Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.

Local Rule 135 Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.

Local Rule 130 (modified) Documents submitted to this court may be either typewritten or handwritten but must be legible, and writing shall be on one (1) side of the page only.

Local Rule 132 Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

Local Rules 182 Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

Other Provisions:

A complete copy of the Local Rules should be available in the prison library.  We do not provide individual copies to litigants.

Request for Case Status The court will notify you as soon as any action is taken in your case.  Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

Copy Work The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800–842–2695. The court will provide copies of docket sheets at $0.50 per page.  Note: In Forma Pauperis status does not include the cost of copies.

Proposed Orders Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

As noted, the requirements set forth in Local Rule 135 and 130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

Victoria C. Minor
Clerk of Court
United States District Court

by: /s/ T. Lundstrom

Deputy Clerk

Attachment

* Decision (Final) Challenging:
  deniel of NuncPRO Tunc
  designation by Office Of
  General Counsel.
          Remedy No. 57424-A3

Attachment (A)

**Administrative Remedy No. 574247-A3**
**Part B - AMENDED Response**

This amended response corrects a typographical error regarding custody credit and in response to your Central Office Administrative Remedy Appeal in which you request a *nunc pro tunc*, or retroactive designation to the state for service of your federal sentence, to effectuate custody credit. You contend the federal sentence was imposed before the state sentence and the time since your arrest of July 24, 1994, should be applied against your 272-month term.

As you are aware, prior custody credit is governed by 18 USC § 3585(b), which prohibits the application of credit against a federal sentence when it has been applied against another sentence. You request credit starting with the date of your federal offense. Records show the credit you requested was applied against your state sentence. It therefore, cannot be applied to your federal term, pursuant to § 3585(b).

However, as a result of the decision in Barden v. Keohane, we reviewed your case to determine if a retroactive designation would be appropriate by considering the merits of your request against the factors delineated in 18 USC § 3621(b). That is, we considered the nature of your instant offense conduct, the reasons for which you were in the custody of the State of Florida, the nature and repetitiveness of your criminal history, and your institutional adjustment. We also contacted the court regarding your request. In a response, the court emphatically objected to your federal sentence commencing the day it was imposed, as doing so would be a great insult to the victim of your federal crime which a federal judge, and the victims of the armed robbery for which you were sentenced in state court. Accordingly, we determined a retroactive designation would be inconsistent with the goals of the criminal justice system.

Records show your April 1997, 20-year sentence with the State of Florida was vacated. This resulted in 287 days of credit, from October 2, 1997, through July 15, 1998, not being applied by the state. As such and in compliance with § 3585(b), it has been applied to your current term. The remainder if credit you seek has been applied to your 7-year state sentence imposed in January 1991, and satisfied in October 1997. As such, it cannot be applied to your 272-month term.

We conclude your sentence was executed appropriately and adjusted with all available custody credit. Your release date was determined as directed by federal statutes, relevant case law, and Program Statement 5880.28, Sentence Computation Manual (CCCA). Your appeal is, therefore, partially granted.

_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

Attachment (A)

Attachment (B)

Judgment in a
Criminal case

Case No. CR-94-402-CR-PROPST

# UNITED STATES DISTRICT COURT
## Southern District of Florida

UNITED STATES OF AMERICA

v.

DANIEL ANGEL RODRIGUEZ
(State No. 94-65198)
(Prisoner No. 48128-004)
Defendant.

Case Number CR 94-402-CR-Propst
AUSA Geoffrey Brigham

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, DANIEL ANGEL RODRIGUEZ, was represented by Mel Black (2937 S.W. 27th Avenue; Miami, Florida 33133-3703).

On motion of the defendant for judgment of acquittal the court has dismissed count II. The defendant has been found not guilty on count I. The defendant is discharged as to Counts I and II.

The defendant was found guilty on counts III and IV after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm | 7/24/94 | III |
| 18 USC 922(g)(1) | Felon in possession of a firearm | 7/24/94 | IV |

As pronounced on April 10, 1995, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 100.00, for counts III and IV, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___10th___ day of ___April___, 19_95_

United States District Judge
Northern District of Alabama

Defendant's SSAN: 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
Defendant's Date of Birth: 3/1/72
Defendant's address: 9121 S.W. 142nd Path; Miami, Florida

Certified to be a true and correct copy of the original.
Carlos Juenke, Clerk
U.S. District Court
Southern District of Florida
By _____
Deputy Clerk
Date 4 -21- 95

Attachment (13)

AO 245 S (Rev. 4/90)(N.D.Ala. rev.) Shee.    Imprisonment

Case 1:13-cv-01750-JLT   Document 1   Filed 10/30/13   Page 16 of 17

Judgment--Page 2 of 4

Defendant:  DANIEL ANGEL RODRIGUEZ
Case Number:  CR 94-402-CR-Propst

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 272 months as to Counts III and IV, with each sentence to run separately and concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

| | | | |
|---|---|---|---|
| | | | |
| | | | |

at | Defendant delivered on __01-04-1999__ | to | UNITED STATES PENITENTIARY |
LEAVENWORTH, KANSAS | , with a certified copy of this Judgment. |

J.W. BOOKER, JR., WARDEN

United States Marshal

By  T. J. ALEXANDER, LEGAL INST. EXAM.

Deputy Marshal

AO 245 S (Rev. 9/93)(N.D.Ala.rev) Sheet 1 - Supervised Release    Case 1:13-cv-01750-JLT   Document 1   Filed 10/30/13   Page 17 of 17

Judgment--Page 3 of 4

Defendant: DANIEL ANGEL RODRIGUEZ
Case Number: CR 94-402-CR-Propst

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not commit another federal, state, or local crime; specifically, the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or destructive device.
2)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
3)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
4)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5)  The defendant shall support his or her dependents and meet other family responsibilities.
6)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
8)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
9)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
10) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
13) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
14) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
15) The defendant shall report in person, within 72 hours of release from the custody of the Bureau of Prisons, to the probation office in the district where the defendant is released.