**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANGEL RODRIGUEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PAUL COPENHAVER, Warden,<br><br>　　　　Respondent. | Case No. 1:13-cv-1750-SMS<br><br>ORDER ON HABEAS CORPUS PETITION |

Petitioner is a federal prisoner. On October 30, 2013, Petitioner filed the instant petition for writ of habeas corpus *in propria persona* pursuant to 28 U.S.C. § 2241. Doc. 1. His request for IFP status was granted on November 4, 2013. Doc. 23. The parties consented to the jurisdiction of the magistrate judge. Docs. 5 and 6.

**I. ALLEGATIONS**

Because the petition and its attachments do not give a clear picture of Petitioner's criminal sentence, the Court has also consulted the Clarification of Judgment and Order Amending Judgment which were issued by the District Court for the Southern District of Florida in Plaintiff's underlying criminal case and which appear in the docket. *See* 1:94-cr-00402-1, doc. 168, 169.

Petitioner was arrested on July 24, 1994 by the Miami-Dade Police Department, Florida and was placed in state custody. At the time of his arrest, Petitioner was on parole with the state of Florida for a seven-year sentence imposed in 1991.

On August 8, 1994, Petitioner was placed under federal arrest, satisfying a writ of habeas corpus *ad prosequendum* issued by the federal court. The indictment contained four counts arising

1

from the events of the July 24 arrest. On January 12, 1995, a jury found the defendant not guilty as to Count One, 18 U.S.C. § 111, Assault on a Federal Judge, but convicted him as to Count Two, 18 U.S.C. § 924, Use of a Firearm During a Crime of Violence, and as to Counts Three and Four, 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm. Following the verdict but prior to sentencing, the court dismissed Count Two. On April 10, 1995, Petitioner was sentenced to concurrent terms of 272 months imprisonment and five years supervised release as to Counts Three and Four.

Meanwhile, Petitioner was also charged with several state crimes, apparently related to his July 1994 arrest. These charges were still pending at the time of his federal sentencing. On June 28, 1996, he was acquitted of one of these state charges. On April 14, 1997, he was sentenced to 20 years imprisonment in the three remaining state charges, with the sentences to run concurrently to each other and to the sentence imposed in the federal case.

During this period, Petitioner's parole for the 1991 offense was also revoked. Beginning on September 1, 1994, Petitioner's time in custody was credited towards this 1991 offense. On June 18, 1998, the sentence for Petitioner's 1997 state convictions was vacated and the state court further suspended entry of sentence. Nevertheless, according to the Florida District Court's Clarification of Judgment, Petitioner remained in state custody through July 15, 1998. The District Court seems to have inferred that this was the date on which Petitioner satisfied his custody for his parole violation. Presumably, Petitioner then started the period of custody for his federal convictions.

On March 28, 2008, Petitioner wrote a letter to the District Judge in the federal case, requesting that the judgment be clarified to indicate that he would be credited for time served beginning with his arrest on July 24, 1994. (He did not specify an appropriate end date.) On July 8, 2008, the Court ordered that the judgment be amended "to provide that the defendant is given credit for the time he spent in state custody from July 24, 1994 to September 1, 1994, with said time to be applied against the sentence previously ordered by this court." The judge did not grant credit for time served after September 1, 1994, because it found that this period of state confinement had already been credited towards the parole revocation of Petitioner's 1991 conviction.

According to the present petition for *habeas corpus*, in early 2010 Petitioner filed a petition with the warden at the U.S. Penitentiary in Atwater, California. He sought a "nunc pro tunc

designation, for time credited to a state sentence to be applied to be applied to my Federal sentence. From 7-24-94 to 10-2-1997. In light of *Barden v. Keohane* [921 F.2d 476 (3d Cir. 1990)]." This petition was denied. He appealed to the Regional Director, again requesting a nunc pro tunc designation for his sentence to "start on the date of my federal arrest." When this was denied, he appealed to the Office of General Counsel for the same relief.

In its amended response dated September 24, 2010, the General Counsel denied Petitioner's request in part and granted it in part. Referring to the time which Petitioner had served towards his April 1997, 20-year sentence with the State of Florida (i.e. July 24 1994 through July 15, 1998), the General Counsel explained that the majority of this time could not be credited:

> 18 USC § 3585(b) ... prohibits the application of credit against a federal sentence when it has been applied against another sentence. You request credit starting with the date of your federal offense. Records show the credit you requested was applied against your state sentence. It therefore, cannot be applied to your federal term, pursuant to § 3585(b).

In other words, although the 1997 state sentence had been vacated, the time Petitioner served towards that sentence beginning with his July 24, 1994 arrest was not creditable towards Petitioner's federal sentence, insofar it had already been credited towards his 7-year state sentence imposed in January 1991.

As an exception, however, the General Counsel found that some of this state incarceration had not yet been credited—specifically, 287 days between October 2, 1997 and July 15, 1998. It drew this conclusion based on its finding that Petitioner's 1991 sentence had been satisfied on October 1, 1997 (not on July 15, 1998, as was indicated in the Clarification of Judgment issued by the Florida District Court; the General Counsel did not refer to this document or to its contrary finding). The General Counsel granted Petitioner this credit towards his federal sentence.

However, the General Counsel did not address the period of incarceration which Petitioner served between July 24, 1994 and September 1, 1994, a period of state incarceration which apparently arose from the same federal offense and which had not been credited towards any other sentence. Nor did it mention the amended federal

3

judgment, which had characterized this time as creditable towards Petitioner's federal sentence.

The General Counsel also reviewed Petitioner's case under its discretionary authority to retroactively (nunc pro tunc) designate his state custody as federal custody:

> [Pursuant to 18 U.S.C. § 3621(b),] [w]e considered the nature of your instant offense conduct, the reasons for which you were in the custody of the State of Florida, the nature and repetitiveness of your criminal history, and your institutional adjustment. We also contacted the court regarding your request. In response, the court emphatically objected to your federal sentence commencing the day it was imposed [i.e. April 10, 1995], as doing so would be a great insult to the victim of your federal crime which, a federal judge, and the victims of the armed robbery for which you were sentenced in state court. Accordingly, we determined a retroactive designation would be inconsistent with the goal of the criminal justice system.

In his petition, Petitioner addressed this nunc pro tunc finding, arguing that the BOP improperly made its decision "based on Acquitted conduct. ... I was acquitted of any crime against the charged victim: Found guilty only of 922(g). And state cases were VACATED on April 1997." He claims violations of due process and equal protection under the Fifth Amendment, observing that "I have witnessed other inmates YET with violent crimes of convictions be granted credit to [their] federal sentence despite the time being credited to another sentence."

## II. PRELIMINARY SCREENING OF THE PETITION

A federal court may entertain a petition for writ of habeas corpus from a person claiming that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Habeas Rule 4; *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990); *see also Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir.1990). Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski,* 915 F.2d at 420. Allegations in a petition

4

that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks,* 908 F.2d at 491.

### III. LEGAL STANDARDS

Title 28 U.S.C. § 2241 provides that writs of habeas corpus may be granted by a district court within its jurisdiction only to a prisoner whose custody is within enumerated categories, including but not limited to custody under the authority of the United States and custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(a), (c)(1), (3).

A federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Credit must be awarded for time in detention prior to the commencement of the sentence, but only if that prior detention was not already credited against another sentence, and only if the prior detention resulted from the same offense for which the sentence was imposed or from a charge for which the defendant was arrested after that offense. 18 U.S.C. § 3585(b).

Separately, the BOP may effectively allow credit for prior time in state custody by exercising its authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). In exercising this designation authority, the BOP is directed to consider a range of factors, including "the nature and circumstances of the offense," "the history and characteristics of the prisoner," "any statement by the court that imposed the sentence" including any recommendation as to the type of correction facility, and "any pertinent policy statement" of the Sentencing Commission. *Id.*

The BOP has interpreted this statute as authorizing it to issue a *nunc pro tunc* order designating a state prison as the facility for concurrent service of a federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Program Statement 5160.05 (January 16, 2003).[1] The Ninth Circuit approved this approach in *Taylor v. Sawyer,* 284 F.3d 1143, 1150 (9th Cir.2002). As a result of *Barden v. Keohane* 921 F.2d 476 (3d Cir. 1990), the Bureau will consider a retroactive designation even when an inmate seeking credit from a state sentence does not directly request such a retroactive

---

[1] Available at http://www.bop.gov/policy/progstat/5160_005.pdf.

5

designation. The procedures include asking the federal sentencing court if it has any objections to such designation.

## IV. DISCUSSION

At the screening stage, the Court simply considers whether it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Here, Petitioner alleges that he is a federal prisoner at the U.S. Penitentiary in Atwater, California. He alleges that he is entitled to credit beginning with his arrest on July 24, 1994, through the start date of his revoked state sentence on September 1, 1994, and continuing through October 1, 1997, the last date for which the Bureau of Prisons had declined to grant him credit. He states his claim under 28 U.S.C. § 2241 and in light of 18 U.S.C. § 3585(b) as well as the BOP's discretionary authority to issue a retroactive designation of his federal sentence as concurrent with his state sentence. He alleges that he has properly exhausted his remedies. Without adjudicating claims at this time, the Court finds that it is not plain from these allegations that Petitioner is not entitled to relief.

/////

/////

/////

**ORDER**

In accordance with the above, IT IS HEREBY ORDERED THAT:

1. Respondent is directed to file a response to petitioner's habeas petition within thirty days from the date of this order. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.

2. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

3. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be served within fifteen days thereafter.

4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on the United States Attorney.

IT IS SO ORDERED.

Dated:   **February 20, 2014**              /s/ **Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE