MAINTAIN ON PAPER

Daniel Angel Rodriguez
No. 48128-004
U.S.P. CANAAN
P.O. BOX 300
Waymart, PA 18472

**FILED**

MAY 1 9 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Daniel Angel Rodriguez
      Petitioner,

    .v.

Paul Copenhaver,(Warden)
      Respondent,

Case No. 1: 13-CV-1750-SMS
The Honorable Judge
Sandra M. Snyder

### PETITIONER'S " REPLY " TO GOVERNMENT'S " MOTION TO DISMISS "

To The Honorable Judge of Said Court:

    Now comes Pro-se Petitioner Daniel Angel Rodriguez Movant in the above Caption...Who hereby moves this Honorable Court for an order granting said Petition " Writ Of Habeas Corpus " and avers the following thereof:

### PROCEDURAL HISTORY

    On or around October 28, 2013 Petitioner Rodriguez filed an Writ of Habeas Corpus...on a Nunc Pro Tunc Designation filed Pursuant to an adjustment and concurrent sentence by The B.O.P. on April 23rd, 2014, " Respondent " filed a motion to dismiss in part...In their response to Petitioner's 28 U.S.C. 2241 Writ Of Habeas Corpus...Petitioner Rodriguez now files a timely " Reply " to Respondent's " Motion to Dismiss "....

-1-

## STATEMENT OF FACTS

On July 24th, 1994 Petitioner Daniel Angel Rodriguez was arrested by The Miami Dade Police Department, State of Florida and was in state custody. Also, at the time of his arrest, said Petitioner was on State Parole with the State of Florida...for a (7) seven year sentence imposed in 1991...

On August 8th, 1994, Petitioner was placed under federal arrest, where a Writ Of Habeas Corpus Ad Prosequendum was issued to bring Petitioner into Federal Custody..." to face a four count indictment for said incident of July 24th, 1994...On January 12th, 1995, a jury found Petitioner guilty on Count Two, 18 U.S.C. 924(C) Use of a firearm during a crime of violence, and as to Counts Three and Four 18 U.S.C. 922(G)(1) Felon in possession of a firearm Following the verdict but prior to sentencing...the court dismissed Count Two...On April 10th, 1995, Petitioner Rodriguez was sentenced to concurrent terms of 272 months imprisonment and five years supervised release on Counts Three and Four... And, at that time remanded to the custody of the United State marshals.

The July 24th, 1994 incident also had Petitioner under related State charges,...that were still pending..." After his Federal Sentencing...on June 28th, 1996, he was acquitted of one of these State charges. On April 14th, 1997, he was sentenced to twenty years imprisonment on the (3) three pending State charges... to run concurrently with said Federal sentence...

During this time period Petitioner's parole from a 1991 conviction was also " Revoked ".... * ON MAY 16th 1995 AFTER HIS FEDERAL SENTENCE ON APRIL 10th 1995. Petitioner's time in custody was credited towards this 1991 offense....On June 18th, 1998, the sentence for Petitioner's April 14th, 1997 State convictions was " Vacated " and the State Court further suspended entry of said sentence...And based upon The Florida District Court Records Of Judgement...Petitioner remained in State custody through July 15th, 1998...

Petitioner's position in this legal matter is..." That on April 10th, 1995, The Federal Sentence of 272 months was the insular sentence..." The sentence from the State on April 14th 1997...Of twenty years...was to run concurrent with the Federal

-2-

sentence..." A year and two months later, on June 18th, 1998.
Petitioner's state sentence and convictions were vacated and
The State Court suspended entry of sentence..." And a verified
fact..." Pursuant to Petioner's " Credited " of time from the
date of July 24th, 1994...these are some of the focal points
of Petitioner's 28 U.S.C. 2241 Writ Of Habeas Corpus...And
Petitioner will proffer exhibits with a Memorandum Of Law in
order to support all factual excerpts Pursuant to said Writ Of
Habeas Corpus...In order to show Respondent's " Motion To Dismiss "
is legally misplaced.

## LEGAL DISCUSSION

(1)   WHETHER THE B O P  DECISION FOR NUNC PRO TUNC DESIGNATION
      WAS PREJUDICE BY THE 11th CIRCUIT CHIEF UNITED STATES
      DISTRICT JUDGE FREDERICO A MORENO " LETTER " TO THE B.O.P.
      ACTING CHIEF ERIC.F.WOHLTJEN...VIOLATED PETITIONER DANIEL
      RODRIGUEZ'S 14th AMENDMENT DUE PROCESS AND EQUAL PROTECTION
      CLAUSE RIGHTS...

In Respondent's Motion To Dismiss in part...the response to
Petitioner's Writ Of Habeas Corpus 28 U.S.C. 2241...Respondent
whole Fulcrum Hypothesis for " Motion To Dismiss " is based solely
from the origins and premise of the letter written by Chief United
States district Judge Frederico.A.Moreno...See Exhibit (A) ⌊Letter
of Judge Moreno⌋ to The Acting Chief for The B.O.P. Designation
and Sentence Computation Center, Eric.F.Wohltjen..." Which stated...

                    To now grant retroactive credit to
                    Mr. Rodriguez for the time served
                    in State Custody would in effect
                    drastically reduce the sentence
                    that visiting Judge Propst properly
                    imposed, as The Chief Judge of The
                    Southern District Of Florida where
                    Judge Highsmith Honorably served
                    until his recent retirement. I strongly
                    oppose the Defendant's request for

the time he served in State prison
on an unrelated violent crime...
Then at the end of Chief Judge Moreno's letter He states:

⌊ I hope that you deny his request ⌋
⌊ for retroactive credit...        ⌋

This letter was so prejudicially colored and " Damaging "
to the Petitioner Rodriguez's constitutional rights under 14th
Amendment Equal Protection Clause...that the letter and Chief
Judge Frederico.A Moreno intent and conduct is unethical as well
as unprofessional and unscrupulous to where it is now become
" Criminal...." A strikingly unequivocal garish act of judicial
misconduct...This Chief Judge is well aware of the Court order
in Rodriguez's case....stating that the 11th Circuit is " Recused "
of any involvement in Rodriguez's case, based upon the fact that
the 11th Circuit Judge Shelby Highsmith was a victim in the case.
The letter also violated a court order...and is in
violation of the law..." And the arrival of The General Counsel
Decision " based on The Chief Judge's letter to The B.O.P. is an
unlawful and criminal correspondence and is in violation of the
law as well as in violation of Petitioner Rodriguez's constitutional
rights...Under 14th Amendment Equal Protection Clause...Based
upon the statement of The General Counsel..." Quoting "

We also contacted the Court regarding
your request, in response, The Court
emphatically objected to your Federal
Sentence commencing the day it was
imposed. ⌊ April 10th, 1995 ⌋ as doing so
would be a great insult to the victim
of your federal crime which, a Federal
Judge and the victims of the armed robbery
for which you were sentenced in State
Court, accordingly, we determined a -
retroactive designation would be inconsistent
with the goal of The Criminal Justice System...

-4-

Please see Exhibit (B) Statement Of General Counsel...This
statement of The General Counsel is an egregious penetrating
fact of the nature of the agreement of Chief Judge Frederico
A.Moreno and General Counsel along with The B.O.P. Unethical
misconduct which is in violation of The Law and Court Order..."
That there is no involvement from the 11th Circuit..." And
General Counsel contacted the 11th Circuit Pursuant to The
Rodriguez Case...was the First Violation Of The Law and Court
Order...Then any arrival of a decision after the fact is an
unlawful finding..." Based upon an unethical agreement between
Chief Judge Moreno and the 11th Circuit who acted in concert
along with The B.O.P....where the entire nature of their agreement
was to violate Petitioner Rodriguez's constitutional rights
under 14th Amendment Due Process and Equal Protection Clause...

—※ According to Weekes .v  L.E. Fleming, 301 F.3d 1175,
( 2002, 10th Circuit.) No Federal sentence, Judgement or commitment
order for a prison sentence can be started and stopped or
interrupted..." Also see Luther .v. Vanyur 14F  Supp. 2nd. 773.
⌊ 4th Circuit 1997 ⌋ Petitioner has a right to Nunc Pro Tunc
Designation..." One " is Petitioner was cleared of the conduct
and charges in the State..." Issue was vacated..." The date of
April 10th, 1995 is the correct starting point of Petitioner's
Federal sentence...And this request is in the interest of justice
based upon the surrounding nature of unlawful outer influences.

(2)   WHETHER THE 11th CIRCUIT CHIEF JUDGE FREDERICO.A.MORENO
      COMMITTED ABUSE OF PROCESS BY WRITING A LETTER TO B.O.P.
      CHIEF ERIC F.WOHLTJEN..." WHEN 11th CIRCUIT WAS RECUSED
      FROM ANY INVOLVEMENT IN THE RODRIGUEZ CASE REGARDING
      11th CIRCUIT JUDGE SHELBY HIGHSMITH AS HAVING BEEN A
      VICTIM IN THE CASE?... 14th AMENDMENT DUE PROCESS VIOLATION
      AND EQUAL RIGHTS VIOLATION...

        The abuse of process by Chief Judge Moreno is malfeasance
in a nature of conduct unbecoming and the B.O.P. position is one
" As "... Co-conspirator, accessory after the fact..." Based on
(Exhibits A and B). This level of abuse of process...Where a chief

-5-

judge exceeds his statutory authority and violates a court order...
Then personalizes his malice with further malicious feral and
then acts on it's ornery to violate Petitioner Rodriguez's
constitutional rights by forcing him to do more time then what
The Honorable Judge Robert Propst sentenced Petitioner to...
Which was a term of twenty two years and eight months...Is in
" Violation "... As well as an " Illegal confinement "...
Especially when said Petitioner has already served the sentence
in it's totality...And if Judge Moreno were to have it his way...
And The B.O.P. ,.,Petitioner's date of May, 2018 were to be
realized then that would total a twenty six year sentence...And
thereby clearly exceeding Petitioner's Statutory Maximum...This
is the assiduously devout nature of this Writ Of Habeas Corpus..."
And why this motion should be granted in order to put a stop to
what amounts to manifest injustice...It is also the aim of this
petition to save the integrity of our judicial process along
with it's venerable reputation.

## CONCLUSION

Petitioner Rodriguez's projected release date is
Immediate Release..." Petitioner has served everyday of said
sentence...Also see (Exhibit C) B.O.P. Projected Release Date
is January 8th, 2015, Also see (Exhibit D). The Honorable Judge
Sandra Snyder's opinion that Petitioner is entitled to relief..."
According to Third Circuit precedents in the Barten.v.Keohane
921 F.2d 476 (3rd.Cir.1990). Nunc Pro Tunc Designation was granted
when a State and Federal sentences ran concurrent..." When State
sentences were vacated..." In the interest of justice this time
must be credited to Petitioner's sentence...And the 11th Circuit
Judges as well as The B.O.P. should not allow for personalized
sentiments to cloud nor distort The Wheels Of Justice...Nor in
fact lead them in the whims culpable conduct of iniquitousness...
Wherefore the following facts and Memorandum Of Law
said Petition for Writ Of Habeas Corpus Relief is granted in the
interest of justice, He forever prays.....

-6-

Date: May 10th, 2014

Sincerely Submitted,

_____

Daniel Angel Rodriguez
No. 48128-004
U.S.P CANAAN
P.O. BOX 300
Waymart, PA 18472

C.C. FILED.
Benjamin.B.Wagner(USA)
Paul Copenhaver,(Warden)

-7-

EXHIBIT
-A-

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA
UNITED STATES COURTHOUSE
ROOM 13-3
400 NORTH MIAMI AVENUE, THIRTEENTH FLOOR
MIAMI, FLORIDA 33128

FEDERICO A. MORENO
CHIEF U.S. DISTRICT JUDGE

RECEIVED
DSCC
MAR 2 6 2010
GRAND PRAIRIE
TEXAS

March 18, 2010

Eric F. Wohltjen
Acting Chief
U.S. Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 73051

Re: United States v. Daniel Rodriguez, Docket 94-402-CR-Propst, Reg. No. 48128-004

Dear Mr. Wohltjen,

I am in receipt of a copy of your letter to Judge Robert Propst, from the Northern District of
Alabama, who presided over the above-styled case here in Miami. As a review of the file will reveal,
a judge in our Court, Shelby Highsmith, was the victim in the case for which visiting Judge Propst
sentenced Mr. Rodriguez to 272 months. Mr. Rodriguez was also sentenced in state court to a 20
year term for multiple counts of armed robbery and kidnapping.

To now grant retroactive credit to Mr. Rodriguez for the time served in state custody would
drastically reduce the sentence that visiting Judge Propst properly imposed. As the Chief Judge of
the Southern District of Florida where Judge Highsmith honorably served until his recent retirement,
I strongly oppose the defendant's request for the Bureau of Prisons to give him credit for the time
he served in state prison on an unrelated violent crime.

Unfortunately, Federal Judges have been the recipients of many threats in today's society.
When a threat results in an actual attack, the offenders should be severely sanctioned. To now allow
Mr. Rodriguez to be released on January 8, 2015 rather than October 19, 2018 is not only dangerous
to the public but an insult to the victim in the federal case, Judge Shelby Highsmith, let alone the
victims of the armed robbery in the state case. I hope that you deny his request for retroactive credit.

Sincerely,

Federico A. Moreno
Chief U.S. District Judge

cc:   Judge Shelby Highsmith
      Judge Robert Propst
      All Southern District and Magistrate Judges

Rodriguez_00058

**Attachment D**

**Factors Under 18 USC 3621(b)**
**Worksheet**

Inmate: RODRIGUEZ, Daniel Angel        Reg. No.: 48128-004

**Factor(1)** - the resources of the facility contemplated:

Facility housed : FCI Marianna

**Factor(2)** - the nature and circumstances of the offense:

Federal Offense : Felon in Possession of a Firearm
Date of Offense : July 24, 1994
Date Sentence : April 10, 1995
Sentence Imposed : 272 Month + 60 Years SRT

State Offense : Armed Burglary, Burglary (x2), Petty Larceny, Flight-
Escape, Grand Theft (Case No. 9026088,90265-016 , 9029757, 9048326,
9050255) **and** Armed Robbery, Burglary-Armed Assault, Kidnaping, Use of
Firearm during commission of a felony (Case No. 94-40664, 94-27066, 95
-547)
Date of Offense : June 26, 1990 **and** June 6/16/22, 1994
Date Sentenced : March 8, 1991 (released on a Controlled Release
Program 11-24-1992) May 16, 1995 (7 year term resumed) **and** April 14,
1997
Sentence Imposed : 7 Years (expired 10-01-1997) **and** 20 Years (20 year
sentence vacated to time served on July 16, 1998)

**Factor(3)** - the history and characteristics of the prisoner (to
include institutional adjustment and prior criminal history):

05-20-1990 : Battery on Law Enforcement (x2), Escape
06-29-1990 : Burglary, Grand Larceny
06-29-1990 : Worthless check in excess of $150
07-04-1990 : Armed Burglary, Grand Larceny
10-03-1990 : Petty Larceny, Resist without violence
02-13-2000 : DHO - Possessing Drugs/Drug Items
08-27-2000 : DHO - Fighting with Another Person
09-15-2000 : DHO - Refusing Work/Program Assignment
06-14-2001 : DHO - Refusing to Take Drug Test
09-15-2004 : DHO - Possessing Intoxicants
01-19-2005 : DHO - Phone Abuse
04-16-2005 : DHO - Refusing to Obey an Order
06-02-1005 : DHO - Use of Drugs/Drug Items
10-30-2006 : DHO - Possessing a Dangerous Weapon
10-29-2008 : DHO - Possessing Unauthorized Item (tobacco)
11-08-2008 : DHO - Use of Drugs/Drug Item
01-02-2009 : DHO - Fighting with Another Person
09-16-2008 : DHO - Interfering with Staff

EXHIBIT
-B-

1  designation, for time credited to a state sentence to be applied to be applied to my Federal sentence.

2  From 7-24-94 to 10-2-1997. In light of *Barden v. Keohane* [921 F.2d 476 (3d Cir. 1990)]." This

3  petition was denied. He appealed to the Regional Director, again requesting a nunc pro tunc

4  designation for his sentence to "start on the date of my federal arrest." When this was denied, he

5  appealed to the Office of General Counsel for the same relief.

6       In its amended response dated September 24, 2010, the General Counsel denied Petitioner's

7  request in part and granted it in part. Referring to the time which Petitioner had served towards his

8  April 1997, 20-year sentence with the State of Florida (i.e. July 24 1994 through July 15, 1998), the

9  General Counsel explained that the majority of this time could not be credited:

10      18 USC § 3585(b) ... prohibits the application of credit against a federal sentence when it has been
        applied against another sentence. You request credit starting with the date of your federal offense.
11      Records show the credit you requested was applied against your state sentence. It therefore, cannot
        be applied to your federal term, pursuant to § 3585(b).
12
    In other words, although the 1997 state sentence had been vacated, the time Petitioner
13
    served towards that sentence beginning with his July 24, 1994 arrest was not creditable
14
    towards Petitioner's federal sentence, insofar it had already been credited towards his 7-
15
    year state sentence imposed in January 1991.
16
         As an exception, however, the General Counsel found that some of this state
17
    incarceration had not yet been credited—specifically, 287 days between October 2, 1997
18
    and July 15, 1998. It drew this conclusion based on its finding that Petitioner's 1991
19
    sentence had been satisfied on October 1, 1997 (not on July 15, 1998, as was indicated in
20
    the Clarification of Judgment issued by the Florida District Court; the General Counsel
21
    did not refer to this document or to its contrary finding). The General Counsel granted
22
    Petitioner this credit towards his federal sentence.
23
         However, the General Counsel did not address the period of incarceration which
24
    Petitioner served between July 24, 1994 and September 1, 1994, a period of state
25
    incarceration which apparently arose from the same federal offense and which had not
26
    been credited towards any other sentence. Nor did it mention the amended federal
27

28

3

EXHIBIT
-C-



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

February 18, 2010

The Honorable Robert B. Propst
Judge of the U.S. District Court
  for the Southern District of Florida
400 North Miami Avenue
Miami, FL 33128

**Re:  RODRIGUEZ, Daniel Angel**
      Reg. No. 48128-004
      Docket No. 94-402-CR-PROPST

Dear Judge Propst:

On April 10, 1995, Daniel Angel Rodriguez was sentenced by
the Court to a 272 month term of incarceration for Felon in
Possession of a Firearm.  At the time the federal sentence was
imposed, Mr. Rodriguez was under the primary jurisdiction of
state authorities and in federal custody pursuant to a Writ.  The
respective Judgment in a Criminal Case was silent regarding any
relationship with the forthcoming action in the state.  Following
sentencing, Mr. Rodriguez was appropriately returned to state
authorities.

On April 14, 1997, Mr. Rodriguez was sentenced in the state
of Florida to a 20 year term for multiple counts of Armed Robbery
and Kidnaping.  As Mr. Rodriguez had satisfied his state
obligation on July 16, 1998, he was released to the custody of
the U.S. Marshals Service for commencement of his federal
sentence as provided by Title 18 U.S.C. § 3585(a).

Mr. Rodriguez now requests credit toward his federal
sentence for the time spent in state custody.  Title 18 U.S.C.
§ 3585(b), prohibits the application of this credit.  However, as
a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd
Cir. 1990), the Bureau of Prisons (Bureau) considers an inmate's
request for credit in such a case as a request for a retroactive
(concurrent) designation.

The Bureau strives to administer sentences in accordance
with federal statutes, Bureau policy and the intent of the

Sentencing Court.  A retroactive designation is made only after
the review of all relevant factors under Title 18 U.S.C.
§ 3621(b).  It is the preference of the Bureau that the federal
Sentencing Court be given an opportunity to state its position
with respect to a retroactive designation, which, while not
binding, can be helpful in our determination to grant or deny the
request.  If, after 60 days, a response is not received from the
Court, the Bureau will complete its review and make a decision
regarding the case.

Should the designation be granted, Mr. Rodriguez's federal
sentence would be calculated to begin on the date of imposition.
This would result in an approximate release date of
January 8, 2015.  Should the Bureau deny the request,
Mr. Rodriguez will continue to his current projected release date
of October 19, 2018.  If the Bureau makes a decision, based on a
review of all relevant 3621(b) factors, which is contrary to the
Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the
Court's position on a retroactive designation in this case.
Should additional information be necessary, please contact
Luis A. Cabrera, Jr., Operations Manager, at (972)352-4487.

Sincerely,

Eric F. Wohltjen
Acting Chief

rek
cc:  Geoffrey R. Brigham, AUSA
     Debra A. Speas, USPO

Rodriguez_00038

**Page Two**
RODRIGUEZ, Daniel Angel
Reg. No. 48128-004


**Factor(4)** – any statement by the court that imposed the sentence (to include no response from the judge:

The Bureau of Prisons forwarded correspondence to the U.S. District Court, Southern District of Florida, on February 18, 2010, to seek a determination wether or not the Court would object to a retroactive (concurrent) designation under Title 18, USC, 3621(B).

Letter response from Federico A. Moreno, Chief U.S. District Judge, Southern District of Florida, dated March 18, 2010 : "As a review of the file reveal, a judge in our Court, Shelby Highsmith, was the victim in the case for which visiting Judge Propst sentenced Mr. Rodriguez to 272 month. Mr. Rodriguez was also sentenced in state court to a 20 year term for multiple counts of armed robbery and kidnaping.

To now grant retroactive credit to Mr. Rodriguez for time served in state custody would drastically reduce the sentence that visiting Judge Propst properly imposed. As the Chief Judge of the Southern District of Florida where Judge Highsmith honorably served until his recent retirement, I strongly oppose the defendant's request for the Bureau of Prisons to give him credit for the time he served in state prison on an unrelated crime.

Unfortunately, Federal Judges have been the recipients of many threats in today's society. When a threat results in an actual attack, the offenders should be severely sanctioned. To now allow Mr. Rodriguez to be released on January 8, 2015 rather than October 19, 2018 is not only dangerous to the public but an insult to the victim in the federal case, Judge Shelby Highsmith, let alone the victims of the armed robbery in the state case. I hope that you deny his request for retroactive credit."

PACER was checked for additional information.

**Factor (5)** – Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a) (2) of title 28:

None

EXHIBIT
-D-

1  designation. The procedures include asking the federal sentencing court if it has any objections to

2  such designation.

3  ## IV. DISCUSSION

4          At the screening stage, the Court simply considers whether it "plainly appears from the face

5  of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

6  court." Here, Petitioner alleges that he is a federal prisoner at the U.S. Penitentiary in Atwater,

7  California. He alleges that he is entitled to credit beginning with his arrest on July 24, 1994,

8  through the start date of his revoked state sentence on September 1, 1994, and continuing through

9  October 1, 1997, the last date for which the Bureau of Prisons had declined to grant him credit. He

10 states his claim under 28 U.S.C. § 2241 and in light of 18 U.S.C. § 3585(b) as well as the BOP's

11 discretionary authority to issue a retroactive designation of his federal sentence as concurrent with

12 his state sentence. He alleges that he has properly exhausted his remedies. Without adjudicating

13 claims at this time, the Court finds that it is not plain from these allegations that Petitioner is not

14 entitled to relief.

15         /////

16         /////

17         /////

18

19

20

21

22

23

24

25

26

27

28

1st. Addendum to reply

Request to have this addendum sealed; And not published been the sensitive content... That could later burden my livelihood if published.

Request to have 1st. Addendum to reply seal.

Thank you

Daniel Angel
Rodriguez
48128-004
USP Canaan

# 1st. Addendum to Reply

Being that the reply against my §2241 petition harps on petitioners institutional conduct I find it necessary to fill in the **BLANK** i.e. what they failed to mention or intentionally left out.

RE: Physical/psychological torment deprivation, egregious persecution, torture, malfeasance and fraud.

They access that I've been a terrible inmate since 1995 (ironically don't want to give me credit since 1995), what they don't say/speak of is the years of abuse I've endured. under the stigma that I assaulted "one of their own" a Federal Judge. For years I've endured the unthinkable. Recently powerless, hopeless and desparate my parents and I (as a last resort) sent a complaint to President Obama's administration, asking that he have the Internal Affairs investigate my

1 of 6

allegation against the Bureau of
Prisons. SEE ATTACHED Exh. A.
  In Brief:
Constantly throughout the history of
my incarceration I get placed in con-
finement for long periods (5-10 month): For
no reason of my own, under a false
pretense. Then transferred aimlessly and
intentionally, For whats famously known
as "diesel theropy". Ive spent my entire
incarceration being treated unconstitut-
ionally for my federal acquitted charges
against (Judge)Mr. Highsmith. The BOP
is not allowing me communication to my
parents, not allowing me an opportunity to
program. Most resently @ USP Atwater the
DHO hearing officer took all my privileges
for a miner-contrived (297 code) incident
report (phone, email, commissary and visits
for the remainder of my federal incarceration
If you analyzer the DHO's history@USP Atwater
: Inmates that charged with murdering another
inmate, introducing drugs into the institution
manufacture or pocess weapons, beat or stabbi

2 of 6

other inmates etc "NONE" have received
the displinary sanctions I was given for
the Petty incident rpt. I had received...
Or look at others that have been
sanction for a (Code # 297) and watch
the wide, and surreal difference in
sanctions when compared to me. Why?
My Counsellor there alluded that the
DHO officer was influenced to do so
by BOP central office - Once again the
charges with the Judge haunt me.
Further I have received far-reaching/
frauded incident reports merely as an
element of persecution/ and reprisal for
my acquitted conduct against the Judge.
Examples:
  I've attempted 3 different times to complete
the BOP Challenge Program and each time
when nearing its completion I'm mysteriously
transferred: This has occured at USP Coleman
USP Pollock, and USP Atwater.
  At USP Leavenworth a case mgr told inmates that
I was a child molestor, knowing its frowned upon:
- As a result I was assaulted... USP Coleman

3 of 6

the now disgraced Ex Captain Barrat moved
an inmate into my cell (while mysteriously
being held in confinement) despite already
having a celly: Knowing this inmate was armed
with a jail house 9" shank only to later theft
day Randomly shake-down my cell (in SHU)
and find the weapon. Despite I was
thankful that the inmate told staff
what took place, and held his responsibility
to claim ownership of the weapon; Shamely
only to be held guilty anyways. And if
they were going to hold everyone in the
cell accountable then why wasn't my other
celly also given an incident Rat??? It's
simple I was the target - But if you look
back why was I in confinement in the
First place? Another mystery! At USP Pollock
There again I was placed in confinement
mysteriously., And while there Lt. Melton
gave me a frauded incident report for a
dirty urine - Against the testing staff member
asserting, and memo that my urine was
not dirty. Yet despite a mountian of
evidence I was found guilty by an

4 of 6

acting DHO officer, place to hear only my case. Lt.Melton to further his assault on me told other inmates that I was a snitch., As a consequence 8 days after arriving at USP Victorville I was assaulted/stabbed, and spent 2 weeks at an outside hospital. Only to later learn from the very inmates that attacked me that Lt.Melton was the reason. I'll note that somehow NO body was charged/or placed in confinement for the assault on me despite it being witnessed by dozens of staff members/ and CCTV cameras. I'll note that at both USP Pollock and Victorville I was programming yet was disrupted. At USP Hazelton I was again transferred mysteriously, after 9 months of yet again another protracted stint in confinement. Then sent to USP Atwater where I nearly completed the Challenge Program only to be place in confinement yet again MYSTERIOUSLY. Why is this happening to me and my family?, whats occurring is illegal, but I can't say anything for fear that I may be

5 of 6

subjected to further victimization! I live in constant fear.

The aforementioned is a true and concisely accurate account of whats transpired while in federal custody. Yet the B.O.P report to the courts doesnt mention the blatant corruption, nor crimes against me. Note: That the BOP record reflects everything I've declared here-in, I've made complaints; Issues are documented, but all to NO AVAIL.

Lastly to further use my frauded disciplinary history would prove yet another crime against me by the BOP.

Sincerely

Daniel A. Rodriguez

Date 5-7-14

6 of 6

# An American Injustice

www.anamericaninjustice.com



Dear President Obama,

My, here in, struggles far surpass the grave unjust of being criminally sentenced. Sir since 1997 I've endured, in brief, constant persecution, physical and psychological abuse as well as elements of deprivations. Sadly inmates cry for help are patiently silenced by the walls of the crony bureaucracy, which imprison us. this is the proverbial IRAQI Abu-Ghriab prison under the guise of the American flag. Please stop condemning how American's are being incarcerated in foreign lands for the most aghast crimes against humanity exist uncensored in your Bureau of Prisons.

Mr. Obama I implore that you PLEASE investigate the de facto crimes against me an "American." Sir what Edward Snowden disclosed about the NSA will be dwarfed by the broad crimes against humanity occurring daily in the United States Bureau of Prisons.

Mr. President with this clarion call for help, I seek nothing in form of compensation...my mere hope is that a Presidential ordered review of my suffered experience behind these walls will bring reform to the extensively unfathomable corruption existing within the United States Bureau of Prisons. As a result myself and others will be afforded the solemn opportunity to serve our sentence in PEACE.

My parents and I would like to wholeheartedly, in advance, respectfully THANK YOU

*Daniel Angel Rodriguez*

- Daniel Angel Rodriguez
#48128-004

Daniel Angel Rodriguez #48128-004
U.S.P. Canaan
P.O Box 300
Waymart, PA 18472

Fernando & Gloria Rodriguez
13301 SW 96th Ave.
Miami, FL 33176

# An American Injustice

www.anamericaninjustice.com



To: President Obama

From: Daniel Angel Rodriguez

Date: 4/16/14

Subject: B.O.P. Abuse and malfeasance: See attached affidavit

Cc: Michelle Obama, Senator Rand Paul, Senator Marco Rubio, Senator Robert Menendez, Senator Paul Ryan, Senator Cory Booker, Senator Charles E. Samuels, Jr. (current director of the FBOP), Atty. Adrian D. Ferradaz, Atty. Winston and Strawn, Atty. Gen. Edward Holder, Attu. Gen. Eric Holder, Atty. William L. Schmidt, Atty. Elmer Robert Keach, Atty. Gabriel B. Galloway, Glenn Beck, Mark Levin, Rush Limbaugh, laura Ingraham, Dennis Miller, Gov. Rick Scott, Gov. Andrew M. Cuomo, Gov. Chris Christie, Sen. Bill Nelson, Ted Deutch, Rev. Al Sharpton, Rev. Dean Snyder, Sup. Court Justice Soto Mayor, Mario Diaz-Balart, Martha Stewart, Fernando and Gloria Rodriguez, American Civil Liberties Union, USA Today Publications, CBS News, Fox News, CNN News, Amnesty International, Prison Activist Resource Center, Prisoner Assistant, 60 Minutes, ABC News, NBC News, Yoari Sanchez, Soledad O'Brien, Maria Teresa Kumar, Jamie Foster Brown and His Holiness, Pope Francis

Daniel Angel Rodriguez #48128-004
U.S.P. Canaan
P.O Box 300
Waymart, PA 18472

Parents: Fernando & Gloria Rodriguez
13301 SW 96th Ave.
Miami, FL 33176

# An American Injustice

www.anamericaninjustice.com



## Affidavit

I, Daniel Angel Rodriguez, here in declare that my constitutional as a human being and an incarcerated American are being gravely violated and abused. Including but not limited to both physical and psychological torment, deprivation, egregious persecution, torture, malfeasance, misfeasance and fraud.

I hereby, under the rules of perjury assert that the aforementioned is true and accurate.

Signature: *Daniel Angel Rodriguez*

Date: 3/16/2014

Witness: USP Atwater Notary

Inmate: Daniel Angel Rodriguez #48128-004
U.S.P. Canaan
P.O Box 300
Waymart, PA 18472

Parents: Fernando & Gloria Rodriguez
13301 SW 96th Ave.
Miami, FL 33176

## 2nd Addendum to Reply

Being that the BOP also weighed
the Predicate offenses that were
used to enhance me as an ACCA
(924(e)).

Attached are documentations
that show the burglary cases
were domestic, and to my own
home.

Even the sentencing Judge
stated (Pg 84 19-22 Sentencing transcript)
"that if it wasn't for the perjury in
my case he wouldie sentenced me
to the very low end of the
guideline range".

And that the events ~~[struck out]~~
of my Priors seem an aberration.

Further my 20 year concurrent
state plea, was a plea of convience
being that had I met another
trial my aged parents would have
pawned their lifes to my trial
fees. Although the plea was later

vacated. It's important to note that the victims of the armed robbery Chief Judge Federico A. Moreno alluded to is "acquitted conduct". I was acquitted by a jury. Yet in an attempt to compound his plea for the BOP to deny NUNC PRO TUNC DESIGNATION IN my case garbled facts, and further prejudiced the outcome.

6C9(65 K

RODRIGUEZ, DANNY ANGEL        30        03:01 72

AS THESE OFCs WENT UP TO THE FRONT DOOR TO TALK WITH
THE VICTIM THE △ GOT OUT OF THE LOCKED POLICE VEH
WITH THE HANDCUFFS ON AND ESCAPED FROM THE VEH. AND
FLED THE AREA ON 12-08-90 AT 6:30AM OFC. SAVAG
AND VALDES RESPONDED TO THE △'s HOME ADDRESS WHERE
HIS MOTHER ANSWERED THE DOOR AND ALLOWED THESE OFFC
INSIDE. △ WAS INSIDE HIS BEDROOM. △ WAS PLACED
UNDER ARREST AND TAKEN TO STA #5. A ROUTINE RECORDS
CHECK ALSO REVEALED AN OPEN B/W FOR PETTY THEFT $1000.00
AND RESISTING ARREST w/o VIOLENCE 90-84941 - 11-20-90 ISSUED

TEEFILE SET   12-14-90 9:15AM  SDEC CHAPMAN.

NOTE: △ HAS BEEN SERVED WITH A PETITION FOR INJUNCTION FOR
       PROTECTION COURT CASE # 90-59320, BY DET. GORT 238

PAGE 2 of 2

P. SAVAGE  /C. FELDMAN
MOPD 80  1220  [52]

DEC  [illegible]  90
SGT [illegible] PEAR

Case 1:08-cv-01750-JLT   Document 12   Filed 05/19/14   Page 32 of 34

QRU   DEC 14 19__

COMPLAINT ARREST AFFIDAVIT

03   BOND HEARING   A.M.

00 3893527

7786 7 797866/30

13,6488   GC 9/65-K

70.49326

RODRIGUEZ, DANIEL ANGEL

05.01.72 M W - 6° 165 BRN BRN

3217 SW 44 LANE MIAMI FL

551-6464 DANNY RODRIGUEZ

SAME

33 SUNSET DRIVE

665-0805 OR HOUSE MIAM FL

593-60 1749 "D LOVES R" ON ANKLE

12.08.90   630   13217 SW 44 LANE RESIDENCE

BURGLARY (ATTEMPT)   N N 1   810.02   21-8:A

ESCAPE   N N 1   944.40

THEFT (Petit)   N N 1   812.014

B/W THEFT ($1000.00)   N N 1   AC 84941   DADE County

07   DEC   90   8:20   9501 SW 92 ST   RESIDENCE

ON 12-07-90 L WAS AT 9501 SW 92 ST IN THE BACK YARD. THIS OFFICER WAS DISPATCHED TO THE ABOVE RES REF TO A BURGLARY. UPON ARRIVAL OF OFC FELDMAN AND SAVAGE THE L WAS OBSERVED IN THE REAR YARD. AS OFC SAVAGE APPROACHED THE L WAS STANDING BEHIND SOME BUSHES WITH HIS HANDS ON THE WINDOW SCREEN ATTEMPTING TO REMOVE THE SCREENING L WAS PROMPTLY ARRESTED AND PLACED IN THE REAR OF THE POLICE VEHICLE #12820. (CONTINUED)

SAVAGE / C. FELDMAN

Sworn to and subscribed before me the

authority this ___ DEC ___ 8 day of ___ 80

Deputy of the Court or Notary Public



RACHEL J. ROBINSON
DANNY A. RODRIGUEZ
PHONE 271-4753
9501 SW 92ND STREET
MIAMI, FL 33176

March 1990

63-58
660

155

Pay to the
order of _____ $ 3000 00

three thousand 00/100 _____ Dollars

Southeast Bank, N.A.
DADELAND BANKING CENTER
7100 NO. KENDALL DRIVE
MIAMI, FL 33156

2014

ACCT. CLOSED

Memo _____

⑈066000581⑈ :0155 057 6392 47⑈ ⑈0000300000⑈

---

March 16 19 90

63-58/660

PAY TO THE
ORDER OF Employment Info Center | $ 39.95

Thirty nine and 95/100 _____ DOLLARS

Southeast Bank, N.A.
DADELAND BANKING CENTER
7100 NO. KENDALL DRIVE
MIAMI, FLORIDA 33156

2014

MEMO Cruise jobs                     Rachel Robin

⑈066000581⑈         057 640849⑈         ⑈000000 3995⑈

EXHIBIT - "B"

## PROOF OF SERVICE

      I, Daniel Angel Rodriguez, Hereby state that a copy of said motion has been served upon the following parties via First Class Mail on the date stated below...Under Prisoner Mail Box Rule...

Date: May 10th, 2014...

Sincerely Submitted,

Daniel Angel Rodriguez
No. 48128-004
U.S.P. CANAAN
P.O. BOX 300
Waymart, PA 18472

Copies sent to:

1. (USATt.) Benjamin B. Wagner
2. (Warden) Paul Copenhaver