# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANGEL RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:13-CV-01750-SMS<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS.<br><br>(Doc. 11) |

    Petitioner Daniel Angel Rodriguez is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Parties have consented to the jurisdiction of a magistrate judge.  (Clerk's Doc. Nos. 4 & 5).  On February 2, 2014, this Court screened Petitioner's complaint and, without addressing the merits, concluded that it was not plain from the allegations that Petitioner is not entitled to relief and directed Respondent to file a response.  Now before the Court in the above-styled and numbered cause of action are "Respondent's Motion to Dismiss in Part; Response to Petition for Writ of Habeas Corpus Under 28 U.S.C. 2241," filed April 23, 2014 (Clerk's Doc. No. 11), and "Petitioner's 'Reply' to Government's 'Motion to Dismiss'," filed May 19, 2014 (Clerk's Doc. No. 12).  Having considered the motions and governing law, the Court will grant Respondent's motion and dismiss with prejudice Petitioner's application for writ of habeas corpus.

## I. Background

On October 30, 2013, Rodriquez filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prison's ("the BOP") decision to deny his request for a *nunc pro tunc* designation, and arguing that he is entitled to credit toward his federal sentence for time spent in state custody. In its answer to Rodriguez's habeas petition, the BOP argues that this Court lacks jurisdiction to review individual determinations made by the BOP. Specifically, the BOP argues that 18 U.S.C. § 3625 precludes judicial review of BOP determinations made pursuant to 18 U.S.C. § 3621. In his response, Rodriguez fails to address the issue of subject matter jurisdiction. The BOP counters that even if this Court had jurisdiction, Rodriguez cannot qualify for prior federal custody credit because he cannot receive double credit and Florida already applied credit for the time served to Rodriguez's state sentence.

## II. Legal Standards

The Administrative Procedures Act ("the APA" or "the Act") provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702, but withdraws that cause of action to the extent that the relevant statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law," *id.* § 701(a). "'Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved.'" *Sackett v. U.S. Envtl. Prot. Agency,* 622 F.3d 1139, 1143 (9th Cir. 2010) (quoting *Block v. Cmty. Nutrition Inst.,* 467 U.S. 340, 345, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984)). Agency actions can be held unlawful when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

Congress delegated to the BOP the duty to manage and regulate all federal penal and correctional institutions. 18 U.S.C. § 4042(a)(1). Title 18 U.S.C. § 3621 governs imprisonment of persons convicted of federal crimes, and provides that the BOP:

> "shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . ."

18 U.S.C.A. § 3621(b). The decision to make a pro tunc designation lies solely within the BOP's discretion. *See* 18 U.S.C. § 3621(b); *see also Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *Reynolds v. Thomas,* 603 F.3d 1144, 1148 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States,* 132 S.Ct. 1463 (2012).

## III.  Discussion

Section 3621 is among those statutes expressly exempted by Congress from judicial review under the APA. *See* 18 U.S.C. §§ 3621-24. Section 3625 provides that, "the provisions of section 554 and 555 and 701 through 706 [of the Act], do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. The BOP's authority to issue a *nunc pro tunc* order falls squarely under Section 3621(b). Therefore, determining whether to issue a *nunc pro tunc* order designating a state prison as the facility for service of a federal sentence is within the discretion of the BOP, *id.*, as is the decision to grant or deny eligible prisoners sentence reductions, *id.* § 3621(a).

The Ninth Circuit has made plain "[t]here is no ambiguity in the meaning of 18 U.S.C. § 3625," and that courts lack subject matter jurisdiction to review individualized determinations made by the BOP pursuant to Sections 3621 through 3625 of Title 18 of the United States Code. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Similar to the circumstances in *Reeb*, the BOP's individualized determination in the instant case was made pursuant to a section of 18 U.S.C. §§ 3621-25, specifically 18 U.S.C. 3621(b). At bottom, Rodriguez's requested relief would require

3

this Court to overturn the BOP's substantive decision relative to a *nunc pro tunc* designation, exactly the sort of individualized determination the Ninth Circuit states is not subject to judicial review. On that basis, the Court concludes that it does not have subject-matter jurisdiction over the controversy.

## IV.     Conclusion and Order

Petitioner seeks review of a determination made by the Bureau of Prisons. This Court lacks jurisdiction to conduct such a review. Accordingly, this Court will grant Respondent's motion to dismiss and dismiss Petitioner's application for writ of habeas corpus.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Clerk's Doc. No. 11), is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner Daniel Angel Rodriguez's Application for Writ of Habeas Corpus (Clerk's Doc. No. 1) is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

Dated:   **May 28, 2014**                              /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE

4