# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANGEL RODRIGUEZ,<br><br>    Petitioner,<br><br>v.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No. 1:13-CV-01750-SMS (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(DOC. 15) |

Petitioner Daniel Angel Rodriguez is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Parties have consented to the jurisdiction of a magistrate judge.  (Clerk's Doc. Nos. 4 & 5).  On May 29, 2014, this Court granted Respondent's Motion to Dismiss.  Now before the Court in the above-styled and numbered cause of action is Petitioner's Motion for Reconsideration, filed June 20, 2014 (Clerk's Doc. No. 15).

Having considered the motions and governing law, the Court will deny Petitioner's motion.

### I.    Legal Standards

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) if it is filed within the time limit set by Rule 59(e). *United States v. Nutri-cology, Inc.,* 982 F.2d 394, 397 (9th Cir. 1992).  Otherwise, it is treated as a motion pursuant to Fed.R.Civ.P. 60(b) for relief from a judgment or order.  *American Ironworks & Erectors, Inc. v. North American*

1

*Const. Corp.,* 248 F.3d 892, 989–99 (9th Cir. 2001).  A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e).

## II.     Discussion

A.  Relief Pursuant to Fed.R.Civ.P. 59(e)

Petitioner does not appear to state grounds sufficient to warrant relief pursuant to Fed.R.Civ.P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes.  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide a valid ground for reconsideration. *See, MCIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir. 1986).

In his motion for reconsideration, Petitioner argues the same theories and facts he had previously presented to the Court in his petition, and fails to present newly discovered evidence or show a change in controlling law.

In the absence of any unusual circumstances, newly discovered evidence, or intervening change in controlling law, the dismissal of Petitioner's petition was not clearly erroneous.

B.  Relief Pursuant to Fed.R.Civ.P. 60

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; or (4) any other reason justifying relief from the operation of the judgment.  Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed.R.Civ.P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. *See, Gonzalez v. Crosby,* 545 U.S. 524, 530–36, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). Although the Court has discretion to reconsider and vacate a prior order, *Barber v. Hawaii,* 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored. A party seeking reconsideration must show more than a disagreement with the Court's decision and offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and redetermine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

When a motion has been granted or denied in whole or in part, and a motion for reconsideration is made based on the same or any alleged different set of facts, counsel must set forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, the new or different facts or circumstances that are claimed to exist which were not present when the prior motion was filed, any other grounds for the motion, and why the facts or circumstances were not shown at the time of the prior motion. *See* Local Rule 230(j).

Here, Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice.

//

//

//

## IV. Conclusion and Order

In accordance with the foregoing,

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration of the Court's order of May 29, 2014, is **DENIED**.

**IT IS SO ORDERED.**

DATED:  6/27/2014                                       /s/ SANDRA M. SNYDER
                                                        UNITED STATES MAGISTRATE JUDGE

4